J-S26016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL A LOCKE | : | |
| | : | |
| Appellant | : | No. 226 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 11, 2022
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000147-2020

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED: OCTOBER 25, 2022**

Michael A. Locke (Appellant) appeals from the judgment of sentence imposed in the Juniata County Court of Common Pleas following his convictions of simple assault and harassment.[1]  Appellant represented himself at trial.  In this counseled appeal, Appellant argues the trial court erred in failing to provide him with a subpoena before he left the courthouse following jury selection and abused its discretion by precluding him from presenting evidence that the victim was under the influence of a controlled substance at the time of the incident.  Appellant also challenges the sufficiency and weight of the evidence supporting his convictions.  For the reasons below, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(1).

The relevant facts and procedural history are as follows. On the morning of February 27, 2020, Appellant and his then-girlfriend, Brandy Phillippe (Victim), were fighting at her home in Mifflintown, Pennsylvania. *See* N.T. Jury Trial, 12/1/21, at 48. Appellant left the residence to go to his camper in Old Port, and took Victim's house and truck keys with him. *Id.* at 47-48. Victim borrowed a friend's truck and went to Appellant's camper to retrieve her keys. *Id.* at 48-49. Victim described what happened when she arrived:

> We started screaming and yelling at each other, I wanted my stuff back, he wanted his junk that he left at my place, and I went to walk down towards the camper to get my keys and everything, he shoved me, and I turned to walk away and told him that forget it, keep them, I'll change the locks, I'll get a new key, I'm done, and the next thing I know, I was on the ground and he was hitting me and screaming at me.

*Id.* at 49-50. As a result of the attack, Victim suffered a cut on the back of her head, a fat lip, and bruises on her cheek. *Id.* at 50, 52.

Appellant was arrested charged with one count each of simple assault and harassment. Initially, Appellant was represented by a public defender, Nancy C. Schrum, Esq. Prior to trial, however, Appellant waived his right to counsel so that he could proceed *pro se*. *See* Waiver of Counsel, 7/20/21.

The case proceeded to jury selection on November 23, 2021. At that time, Appellant told the trial court that he had a witness whom he needed to subpoena for trial, which was scheduled to begin on December 1st. *See* N.T. Jury Selection, 11/23/21, at 10, 47. The trial court informed Appellant that he needed to obtain a subpoena from the Clerk of Courts office, and that the

court might "be able to get [him] one while [he was] still" at the courthouse.[2] *Id.* at 10.

Appellant's jury trial commenced, as scheduled, on December 1, 2021. Before the jury was brought in, the prosecutor stated to the court that Appellant had "some things in the nature of a motion in *limine* that he would like to address." N.T. Jury Trial at 4. Specifically, Appellant sought to introduce into evidence a printout from the "National Institute of Drug Abuse website [which described] the long-term health effects in the use of methamphetamine[.]" *Id.* Because Victim admitted she was under the influence of "crystal meth" at the time of the incident, Appellant explained that he wanted to "reference" the document during trial to describe "the behavior patterns of people who are under the influence of methamphetamines . . . including, . . . violent behavior and psychotic tendencies[.]" *Id.* at 4-5. The Commonwealth objected, and the trial court agreed the document was inadmissible. *See id.* at 5-7, 16-18. The court also asked Appellant if he had received the subpoena he requested, and Appellant replied that he did. *Id.* at 25. Appellant further stated that the subpoena was unnecessary because the witness's employer was willing to excuse him for the day. *Id.* at 26.

Only three witnesses testified at trial: Victim, responding Pennsylvania State Trooper Christopher Plank, and Appellant's friend, Kevin Beeman.

---

[2] Appellant was incarcerated prior to trial, but it is unclear from the record whether his incarceration stemmed from these charges or another case. *See* N.T. Jury Selection at 7-8.

Victim detailed the events leading up to the assault and admitted that both she and Appellant "were . . . doing crystal meth" that day. N.T. Jury Trial at 60. She testified that when she called the police, they arranged to meet her at a Family Dollar store outside of Port Royal. *Id.* at 54-55.

Trooper Plank testified that he and another trooper were dispatched to the Family Dollar store for a domestic dispute. *Id.* at 70. When he arrived, he spoke with Victim and photographed her injuries. *Id.* at 70-71. The troopers then proceeded to Appellant's camper to speak with Appellant. *Id.* at 72-73. Appellant later provided a written statement, in which he presented the following narrative:

> [O]n Thursday, February 27, about or around [2:00 p.m.], I . . . was working around my camper area when [Victim] drove recklessly onto the property . . . and began spinning tires, and when asked to vacate the premises, she then got out of the vehicle and started to attack me physically. This situation immediately was tense and I feared for my safety as I continued to tell [Victim] that she was not welcome on the property and should vacate immediately [but] she refused until I said I would park her in and call the police if she did not leave. The incident was witnessed by [Kevin Beeman] who was visiting at the time. . . .

*Id.* at 74-75. Trooper Plank did not observe any injuries on Appellant. *Id.* at 75.

After the Commonwealth rested its case-in-chief, Appellant recalled Victim as if on cross-examination to ask her if she was trained in hand-to-hand combat while she was enlisted in the military. *See* N.T. Jury Trial at 92-93. She replied, "Yes." *Id.* at 93. Appellant then called Kevin Beeman as a witness. *See id.* at 95. Mr. Beeman testified that he had known Appellant

for 15 years and was visiting him at the time of the incident. *Id.* at 96, 100. He stated that he and Appellant were sitting in his car outside of Appellant's camper when a pickup truck came onto the property at a high rate of speed very close to his vehicle, and "then spun around doing a 180 and throwing gravel." *Id.* at 98. Mr. Beeman testified that both Appellant and Victim got out of their vehicles, and Victim "started acting erratic" by attempting to "swing her arms violently in [Appellant's] direction[.]" *Id.* at 99. He claimed Appellant told Victim to leave, but he never saw Appellant strike Victim. *Id.* at 99-100. Under cross-examination, Mr. Beeman acknowledged that at one point during the encounter, Victim and Appellant went down a hill and were out of his sight. *Id.* at 104. However, he claimed that when Victim returned, she "looked totally normal." *Id.*

At the conclusion of trial, the jury returned a verdict of guilty on the charge of simple assault, and the trial court found Appellant guilty of the summary offense of harassment. On January 11, 2022, Appellant appeared for his sentencing hearing. Still proceeding *pro se*, Appellant made an "oral motion for extraordinary relief" asserting that he believed he "caused enough reasonable doubt in the testimony of [Victim] as well as the officer[.]" N.T. Sentencing H'rg, 1/11/22, at 2. He also requested a judgment of acquittal "due to the fact that [prior to trial, he was] given an offer of a week time served to a year of probation for this charge," which he declined. *Id.* at 3. The trial court summarily denied both motions. *See id.* at 8; Order, 1/11/22.

Thereafter, the court imposed a sentence of 10 to 24 months' imprisonment for simple assault, and a fine for harassment. N.T. Sentencing H'rg at 13.

On February 7, 2022, Attorney Schrum filed a timely notice of appeal on Appellant's behalf. Three days later, Attorney Schrum withdrew as Appellant's attorney, and present counsel, Christopher Wencker, Esq., entered his appearance. Attorney Wencker subsequently complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises four issues for our review:

1. Did the trial court err in allowing [Appellant] to be transported from the courthouse at jury selection without providing him with a subpoena for Tiffany Locke, a witness who would have provided important testimony that would have materially helped his defense at trial?

2. Did the trial court err in preventing [Appellant] from presenting evidence at trial regarding the fact that the alleged victim was under the influence of an illicit controlled substance at the time of the incident?

3. Was the evidence presented at trial . . . insufficient to sustain the verdict?

4. Was the verdict against the weight of the evidence?

Appellant's Brief at 4-5.

In his first issue, Appellant contends that he was deprived of the right to subpoena a witness. Appellant's Brief at 9. He explains that despite his request for a subpoena during jury selection, and the court's assurance that he "could possibly receive a subpoena while still at the courthouse, [the] subpoena was instead mailed to him at a later time[,]" arriving "too late for

him to make use of it." *Id.* at 10. Appellant acknowledges that, on the morning of trial, he advised the court he no longer needed the subpoena because the witness was permitted to leave work so he could testify at trial. *See id.* at 10 n.1. However, he now asserts that if a timely subpoena had been supplied, he could have secured the attendance of a **different** witness, his then-wife, whom he claims Victim "had spoken with prior to the incident at issue." *Id.* Present counsel avers that he spoke to this proposed witness and "she indicated that she would have provided testimony favorable to [Appellant] if she had been subpoenaed to trial." *Id.*

The trial court summarily disposed of this claim as follows:

> Appellant appeared for Jury Selection on November 23, 2021, as a self-represented litigant. After discussion with the trial judge outside of the presence of the jury panel, Appellant confirmed that he wished to proceed to select a jury without the benefit of counsel. In the same discussion between the trial judge and Appellant, Appellant raised the issue of needing to subpoena a witness for trial. The trial judge explained that the Clerk of Courts issues subpoenas and that it was possible that one might be issued while Appellant was at the Juniata County courthouse for Jury Selection. On the morning of Appellant's jury trial, the trial judge questioned Appellant about whether he received the subpoena that was sent to Perry County, and Appellant indicated that he did. The Appellant was housed at the Perry County Prison on an unrelated matter.
>
> By his own admission, Appellant received the subpoena that he requested of the trial judge. Therefore, the trial court did not err.

Trial Ct. Op. 4/19/22, at 1-2 (record citations omitted).

No relief is warranted. Appellant provides no authority for his contention that the trial court was required to provide him with a subpoena while he was

present at the courthouse during jury selection, regardless of his status as a *pro se*, incarcerated defendant. Indeed, Appellant himself requested the subpoena only eight days before trial. Nevertheless, the record reveals Appellant did receive the subpoena, but that he no longer needed it because his witness voluntarily appeared. *See* N.T. Jury Trial at 25-26. Appellant's assertion that the subpoena arrived "too late for him to make use of it[,]" is not supported by the record. *See id.*; Appellant's Brief at 10. Moreover, Appellant's new claim — that he could have used the subpoena to compel the attendance of a **different** witness if he had received it in a timely manner — is waived. *See* Pa.R.A.P. 302(a) (issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

Next, Appellant insists he was "deprived of the right to effectively confront his accuser." Appellant's Brief at 11. Because it is undisputed Victim was under the influence of methamphetamines at the time of the incident, Appellant contends he should have been permitted to use the document at issue, a printout he "obtained from a scientific website[,]" to cross-examine Victim and the investigating trooper regarding the "violent behavior and psychotic tendencies" of people who are under the influence of methamphetamines. *Id.* Appellant maintains this evidence was "directly related to whether [Victim] was violent, [and] clearly relevant." *Id.* at 11-12. He argues the trial court "prematurely ruled that the evidence was inadmissible" before hearing from the investigating state trooper. *Id.* at 13. He maintains the document "may have been admissible" as a learned treatise,

relied upon by the trooper "as basis for [his] expert opinion that methamphetamine can cause violent behavior." *Id.* at 12, *citing* Pa.R.E. 703.[3] Thus, Appellant concludes the court's ruling "deprived [him] of the ability to effectively cross-examine" Trooper Plank. Appellant's Brief at 13.

Preliminarily, we note:

With regard to the admission of evidence, we give the trial court broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error in judgment, but an overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of the record.

*Commonwealth v. Lang*, 275 A.3d 1072, 1077–78 (Pa. Super. 2022) (citation omitted).

In both his Rule 1925(b) concise statement and the statement of the questions in his brief, Appellant frames this issue as whether the trial court "erred in preventing [him] from presenting evidence at trial regarding the fact that [Victim] was under the influence of an illicit controlled substance at the time of the incident." *See* Appellant's Concise Statement of Errors

---

[3] Rule 703 provides:

An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Pa.R.E. 703.

Complained of on Appeal, 3/4/22; Appellant's Brief at 4. As the trial court explains in its opinion,

> Appellant was permitted to present direct evidence that [Victim] was under the influence of an illicit controlled substance at the time of the incident giving rise to the criminal charges in the case at bar. During Appellant's cross[-]examination of [Victim], Appellant asked whether [she was] under the influence of any drugs, and [Victim] admitted to being under the influence of "crystal meth[.]" . . .

Trial Ct. Op. at 2.

In his argument, however, Appellant reframes the issue to challenge the court's pretrial ruling precluding him from admitting into evidence an unauthenticated printout he obtained from an internet website. He claims the document details the effects of long-term misuse of methamphetamines. This claim was not preserved in his Rule 1925(b) statement, nor presented in his statement of questions involved. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Nor do we conclude Appellant's present complaint is subsumed in his claim that the court precluded him from introducing evidence that Victim was under the influence of illegal narcotics at the time of the incident. *See* Pa.R.A.P. 1925(b)(4)(v) ("Each error identified in the Statement will be deemed to include every subsidiary issue that was raised in

the trial court[.]"); Pa.R.A.P. 2116(a). Thus, Appellant's second issue is waived for our review.[4]

In his final two claims, Appellant challenges the sufficiency and weight of the evidence supporting his convictions.[5] As this Court has explained:

> The distinction between a claim challenging the sufficiency of evidence and a claim challenging the weight of evidence is critical. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but claims that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." A claim challenging the sufficiency of the evidence, however, asserts that there is insufficient evidence to support at least one material element of the crime for which Appellant has been convicted.

*Commonwealth v. Lyons*, 833 A.2d 245, 258 (Pa. Super. 2003) (citation omitted).

---

[4] We note that even if we were to review this claim, we would conclude it is meritless. Appellant's reliance on evidentiary rulings concerning learned treatises relied upon by expert witnesses is misplaced, particularly since Trooper Plank was not presented as an expert witness at trial. Appellant provides no authority for his assertion that an unauthenticated printout from an internet website provides an exception to the hearsay rule.

[5] We note that a challenge to the weight of the evidence must be preserved either: "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). Although Appellant did not file a post-sentence motion, he did nominally raise what could be categorized as a weight of the evidence claim at the beginning of his sentencing hearing. *See* N.T., 1/11/22, at 2 (Appellant stated he wanted to make an oral motion for extraordinary relief because he "believe[d he] caused enough reasonable doubt in the testimony of [Victim] as well as the officer[;]" arguing the jury was predisposed to believe female Victim). Thus, we conclude this claim is preserved for our review.

When reviewing a challenge to the sufficiency of the evidence, we must determine whether "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). It is well-settled that:

> [T]he trier of fact — while passing on the credibility of the witnesses and the weight of the evidence — is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder.

***Id.*** (citations omitted).

Here, Appellant was convicted of simple assault and harassment. "[A] person is guilty of [simple] assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. A person is guilty of harassment "when, with the intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact[.]" 18 Pa.C.S. § 2709(a)(1).

Appellant insists the evidence was "so weak and inconclusive" that he could not be found guilty as a matter of law. Appellant's Brief at 15. He maintains the fact that Victim admitted she was under the influence of methamphetamines at the time of the incident renders her recollection of events "suspect." ***Id.*** at 14. Further, Appellant emphasizes that Mr. Beeman,

who was not under the influence of drugs, testified Victim attacked Appellant, and that Appellant did not strike Victim. *Id.* He summarizes: "Given that [Victim's] testimony was unreliable, while the witness who was not impaired by drugs testified that [Appellant] committed no crime, . . . the verdict against [Appellant] must be reversed[.]"[6] *Id.* at 15.

As the trial court summarizes in its opinion, Victim testified that Appellant "shoved her to the ground and hit her[,]" resulting in a cut on her head, marks on her fact and a swollen lip. Trial Ct. Op. at 3. Moreover, the Commonwealth produced for the jury photographs depicting Victim's injuries. *See id.* at 4. The trial court determined that this evidence was sufficient for the jury to find Appellant guilty of simple assault. *Id.* We agree, and conclude this evidence was also sufficient to sustain his conviction of harassment. *See* 18 Pa.C.S. § 2709(a)(1). Appellant's argument — that the testimony of Mr. Beeman was more reliable than the testimony of Victim — implicates the weight of the evidence, not its sufficiency. As noted *supra*, when reviewing a sufficiency challenge, this Court must not reweigh the evidence or disturb the credibility determinations of the fact-finder, which is exactly what Appellant requests us to do. *See Miller*, 172 A.3d at 640. Accordingly, Appellant's third claim fails.

---

[6] We note that Appellant does not distinguish between his convictions of simple assault and harassment.

When reviewing a challenge to the weight of the evidence, we must bear in mind the following:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> Moreover, [a]ppellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Miller*, 172 A.3d at 642–43 (citations & quotation marks omitted).

Appellant's argument supporting his weight of the evidence claim is merely a repeat of his challenge to the sufficiency of the evidence. He asserts that because Victim was "under the influence of drugs at the time of the incident, . . . her testimony [is] questionable." Appellant's Brief at 16. He contrasts Victim's testimony with Mr. Beeman's testimony, noting that his testimony "was the product of sober recollection and not marred by drug use." *Id.* Thus, Appellant insists that "the trial court's choice to allow the jury to

- 14 -

give [Victim's] testimony greater weight should shock the conscience of this Court." ***Id.***

The trial court summarily addressed Appellant's weight of the evidence claim as follows:

> Appellant's arguments implicate the jury's factual determinations. Here, the jury clearly believed [Victim's] testimony regarding her injuries and that . . . Appellant directly caused those injuries. There is nothing in the evidence presented by the Commonwealth or [Appellant] that would appear contrary to the verdict rendered by the [c]ourt. As such, the verdict was not against the weight of the evidence in finding Appellant guilty of Simple Assault and Harassment.

Trial Ct. Op. at 4.

Our review reveals no abuse of discretion on the part of the trial court. The brief trial consisted of only three witnesses. Victim testified Appellant assaulted her, and Appellant's friend, Mr. Beeman, testified that Appellant did not strike Victim. Victim's admission that she was under the influence of "crystal meth" does not, itself, render her recollection of the incident false. Moreover, Appellant fails to acknowledge that the Commonwealth presented photographic evidence of Victim's injuries, and Victim testified that both she **and Appellant** "were doing crystal meth" that day. N.T. Jury Trial at 60. Because Appellant has failed to establish the trial court abused its discretion in denying his weight of the evidence claim, his final claim warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2022